UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MOAMMAR BADAWI DOKHAN,**

    Petitioner,

        v.

**BARACK OBAMA, et al.,**

    Respondents.

Civil Action No. 08-0987 (JDB)

## CASE MANAGEMENT ORDER

Pursuant to the status hearing held on February 26, 2009, consistent with the standards set forth in *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008), and *Hamdi v. Rumsfeld*, 542 U.S. 507, 539 (2004) (plurality), the standards referenced in the Case Management Order entered by Judge Hogan on November 6, 2008 and revised on December 16, 2008, and the standards referenced by this Court on December 22, 2008, *see, e.g.*, *Hamlily v. Obama*, Civ.A.No. 05-0763, the Court enters the following Case Management Order to govern proceedings in the above-captioned case.[1]

### I.

A.   **Declassified Factual Returns**. By not later than March 24, 2009, petitioner shall file a statement identifying the portions of the unclassified factual return and attachments thereto that he seeks to have <u>declassified</u>. Petitioner must provide a reasonable basis to assert that any item should be declassified, and under the heading "High Priority Items," petitioner shall identify the items he considers most important to his ability to present his defense. By not later than April 24, 2009, the government shall file the declassified return. The government shall provide a justification for each item it has determined not to declassify.

B.   This section intentionally left blank.

---

[1] This case-specific Case Management Order is independent of Case Management Orders entered in any other case, including the orders entered by Judge Hogan on November 6, 2008 and December 16, 2008. Hence, any future modifications in other orders will have no impact on the schedule of proceedings in the above-captioned matter. If the parties wish to request relief from the schedule set forth in this order, they must file an appropriate motion before this Court.

    **C.**      This section intentionally left blank.

    **D.**      **Exculpatory Evidence**.

          **1**.      The government shall disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner.  In this context, the term "reasonably available evidence" means evidence contained in any information reviewed by any attorney preparing factual returns for any detainee; it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner.  The term also includes any other evidence the government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay.  Disclosure of such exculpatory evidence shall occur by not later than April 3, 2009.  On that date, the government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.

          **2**.      If evidence described in the preceding paragraph becomes known to the government after the deadline for disclosure, the government shall provide the evidence to the petitioner as soon as practicable.

    **E.**      **Discovery**.

          **1**.      If requested by the petitioner, the government shall disclose to the petitioner (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which any statements of the petitioner were made or adopted, including but not limited to any evidence of coercive techniques used during any interrogation or any inducements or promises made.[2]  Disclosure requests shall be made in writing by not later than March 6, 2009.  Disclosure shall occur by not later than April 3, 2009.

          **2**.      Petitioner may obtain limited discovery beyond that described in the preceding paragraph in accordance with the following procedure.  Discovery requests shall be presented by written motion and (1) be narrowly tailored, not open-ended; (2) specify precisely the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that is exculpatory or that will demonstrate that the petitioner is

---

[2] To the extent the parties require clarification as to the scope of sections I.E.1(2) and I.E.1(3), they should refer to the Court's February 9, 2009 and March 2, 2009 orders in *Zaid v. Obama*, Civ.A.No. 05-1646.

not an enemy combatant; and (4) explain why the requested discovery will not unfairly disrupt or unduly burden the government. All motions for additional discovery under this subsection must be filed by not later than April 30, 2009. The government's opposition, if any, shall be filed by not later than May 11, 2009. All discovery shall be provided by not later than June 11, 2009, or as ordered by the Court.

F.  **Classified Information**. If any information to be disclosed under Sections I.D or I.E of this Order is classified, the government shall, unless granted an exception, provide the petitioner's counsel with the classified information, provided the petitioner's counsel is cleared to access such information. If the government objects to providing the petitioner's counsel with the classified information, the government shall move for an exception to disclosure.

G.  **Traverse**. In response to the government's factual return, the petitioner shall file a traverse containing the relevant facts and evidence supporting the petition. Petitioner's traverse shall be filed by not later than July 1, 2009. For good cause shown, the petitioner may amend or supplement a filed traverse.

H.  **Meet-and-Confer Requirements; Status Hearing.** The parties shall meet-and-confer and file a status report by not later than July 10, 2009 for the purpose of narrowing the factual matters in dispute. A status hearing to review the factual record will then be held on July 15, 2009 at 9:00 A.M. in Courtroom 8.

## II.

A.  **Burden and Standard of Proof**. The government bears the burden of proving by a preponderance of the evidence that the petitioner's detention is lawful. Any argument in support of a different burden of proof shall be presented in each party's motion for judgment on the record in accordance with the schedule set forth in Section III.

B.  **Presumption in Favor of the Government's Evidence**. The Court may accord a rebuttable presumption of accuracy and authenticity to any evidence the government presents as justification for the petitioner's detention if the government establishes that the presumption is necessary to alleviate an undue burden presented in this habeas corpus proceeding. If the Court determines that a presumption is warranted, the petitioner will receive notice of the presumption and an opportunity to rebut it. Argument, if any, in support of a different evidentiary presumption or process shall be presented in each party's motion for judgment on the record in accordance with the schedule set forth in Section III.

C.  **Hearsay**. Upon the request of either the petitioner or the government, the Court may admit and consider hearsay evidence that is material and relevant to the legality of the petitioner's detention, if the movant establishes that the hearsay evidence is reliable and that the presentation of the evidence in compliance with the Federal Rules of Evidence would unduly burden the movant or pose an

unwarranted risk to national security. Requests to admit hearsay evidence shall be presented in each party's motion for judgment on the record in accordance with the schedule set forth in Section III. If the Court admits hearsay evidence, the party opposing admission will have the opportunity to challenge the credibility of, and weight to be accorded, such evidence.

### III.

A. **Judgment on the Record**.

    1. **Schedule of Briefs.** The government's motion for judgment on the record shall be filed by not later than August 14, 2009. Petitioner's response and cross-motion for judgment on the record shall be filed by not later than September 4, 2009. The government's response thereto and reply in support of its motion shall be filed by not later than September 15, 2009. Petitioner's reply in support of his cross-motion shall be filed by not later than September 23, 2009.

    2. **Contents of Briefs.**

        **(a) Initial Briefs.** Each motion or cross-motion for judgment on the record shall address both the factual basis and the legal justification for detention, and be accompanied by a separate statement of <u>material</u> facts as to which the party contends there is no genuine dispute. The statement of material facts shall cite to the specific portions of the record that support the party's contention that a fact is not in dispute and shall not contain argument.

        **(b) Response Briefs.** Each response brief shall be accompanied by a factual response statement that either admits or controverts each fact identified in the opposing party's statement of material facts as to which there is no genuine dispute. The factual response shall cite to the specific portions of the record that support the party's contention that a material fact is in genuine dispute. The Court may treat as conceded any legal argument presented in an initial brief that is not addressed in the response brief and may assume that facts identified in a statement of material facts are admitted unless controverted in the factual response.

        **(c) Page Limitations.** (i) Initial briefs in support of a motion for judgment on the record or cross-motion for judgment on the record shall not exceed 55 pages, excluding the statement of material facts. Each party shall allocate no more than 40 pages to argument in support of its motion for judgment on the merits and no more than 15 pages to the issues discussed in Section II of this Order. (ii) The government's combined brief in response to petitioner's cross-motion and reply in support of its motion shall not exceed 20 pages. (iii) Petitioner's final reply brief shall not

       exceed 20 pages.

    **3.**    **Hearing**.  A hearing on the motions for judgment on the record will be scheduled by the Court if necessary.

**B.**    **Evidentiary Hearing**.

    **1.**    **Basis for a Hearing**.  If, after reviewing the parties' briefs for judgment on the record, the Court determines that substantial issues of material fact preclude final judgment based on the record, the petitioner is entitled to an evidentiary hearing.

    **2.**    **Prehearing Conference**.  Counsel shall appear for a prehearing conference on a date to be determined that will be not later than three business days prior to the evidentiary hearing.  The parties shall be prepared to discuss and narrow the issues to be resolved at the hearing, discuss evidentiary issues that might arise at the hearing, identify witnesses and documents that they intend to present at the hearing, and discuss the procedures for the hearing.

    **3.**    **Petitioner's Presence**.  The petitioner will not have access to classified portions of the hearing.  Through available technological means that are appropriate and consistent with protecting classified information and national security, the Court will provide the petitioner with access to unclassified portions of the hearing.

**SO ORDERED**.

                                                                        /s/
                                                                JOHN D. BATES
                                                         United States District Judge

Date:  March 3, 2009